DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, appellant, Wayne W., the natural father of Jehosephat, born June 19, 1998, contends that the trial court erred in adjudicating Jehosephat a dependent and neglected child and awarding temporary custody to appellee, Lucas County
{¶ 2} Children Services ("LCCS"). Jehosephat's mother, Angela W., agreed to the award of temporary custody and is not a party to this appeal.
{¶ 3} The relevant facts of this cause are as follows. Appellant and Angela have a long history of domestic violence. They first came in contact with LCCS in 1992 when the couple's two older sons were removed from the home due to neglect and placed in the temporary custody of LCCS. The boys were returned to the custody of their parents in 1994.
{¶ 4} Thereafter, the family moved to Seneca County. In 1997, the Seneca County Department of Jobs and Family Services ("SCDJFS") received a referral of physical abuse of Jehosephat's brothers by their mother. At that time, Angela and her sons were living in a shelter. According to Angela, she went to the shelter because of appellant's abuse.
{¶ 5} SCDJFS obtained emergency temporary custody of the boys and, upon investigation, substantiated claims of physical abuse of both of her sons by Angela and a claim of sexual abuse by appellant. Subsequently, both parents agreed to a finding of dependency, and temporary custody of their sons, who suffered from severe behavioral problems and physical difficulties, was awarded to SCDJFS.
{¶ 6} Appellant and Angela were provided with case plans and services that included psychological evaluations and domestic violence counseling. Visitation and transportation for visitation was also afforded SCDJFS. However, the couple's parenting skills and conditions that caused the removal did not improve. Rather, the relationship between the parents and their children deteriorated, causing both boys extreme emotional distress each time that they visited either of their parents.
{¶ 7} At some point during this period, appellant and Angela reunited, and Jehosephat was born. They also moved back to Lucas County. On February 18, 1999, SCDJFS filed for permanent custody of appellant's two older sons. The motion was granted on July 14, 1999.
{¶ 8} On June 1, 2001, Angela obtained a domestic violence civil protection order from the Lucas County Court of Common Pleas, Domestic Relations Division. The order barred appellant from coming within 100 feet of Angela and Jehosephat. At that time, appellant was living in an apartment and Jehosephat was residing with his mother in a battered women's shelter.
{¶ 9} On June 7, 2001, and despite the existence of the civil protection order, Angela wanted appellant to take care of Jehosephat. According to the police report, appellant refused and Angela, after "punching" appellant in the face, drove off leaving the child with his father. Appellant, claiming that he did not want to violate the civil protection order, then took
{¶ 10} Jehosephat to the Toledo Police Department. The police turned the boy over to the LCCS, and the agency filed its complaint asserting that Jehosephat is a dependent and neglected child.
{¶ 11} At the adjudicatory hearing held before a magistrate, Beth Elchert, the ongoing social worker who assisted appellant and his family in Seneca County, provided extensive testimony concerning the proceedings leading to the termination of appellant's parental rights to his older sons. Documents, such as counselor's notes and psychological evaluations, generated during those proceedings were also admitted into evidence.
{¶ 12} Appellant testified that he lives in an apartment in Covenant House and works part-time as a security guard there. Including the monies received from the part-time job and from social security disability, he earned $10,000 in the year 2000. Appellant denied ever harming any of his children either physically or emotionally. He blamed their mother for all of the family's misfortunes.
{¶ 13} The magistrate rendered an oral determination that Jehosephat was a dependent and neglected child and proceeded to disposition. In her written decision, the magistrate reiterated this finding and held that it was in Jehosephat's best interest to be in the temporary custody of LCCS. Appellant filed objections. The trial court held a hearing on those objections, overruled the same, and adopted and affirmed the magistrate's decision. This appeal followed.
{¶ 14} Appellant sets forth the following assignment of error:
 {¶ 15} "The trial court's findings that the child was dependent and neglected are not supported by clear and convincing evidence."
{¶ 16} In order to establish that a child is dependent or neglected, the evidence must be clear and convincing. See R.C.2151.35(A)(1) and Juv.R. 29(E)(4). Clear and convincing evidence is proof "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus.
{¶ 17} R.C. 2151.04 contains the various definitions of "dependent child." R.C. 2151.04(C) defines a dependent child as one "[w]hose condition or environment is such as to warrant the state, in the interests of the child, * * *" to assume the child's guardianship. An additional definition in R.C. 2151.04 describes a dependent child as one:
{¶ 18} "(D) To whom both of the following apply:
 {¶ 19} "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 {¶ 20} "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household.
{¶ 21} In its review of a dependency determination, this court must recognize that a child's prospective condition, if threatening to his health and well-being, may justify the finding of dependency. In reMassengill (1991), 76 Ohio App.3d 220, 226.
{¶ 22} As applied to the present case, the record reveals clear and convincing evidence of the fact that the turbulent relationship between Jehosephat's parents created an environment which threatened the physical and emotional well-being of this child and was, therefore, sufficient to warrant the state, in Jehosephat's interests, to assume guardianship. Additionally, clear and convincing evidence was offered to show that (1) Jehosephat's siblings were adjudicated dependent children because of the acts of not only their mother, but also appellant; and (2) the circumstances surrounding the substantiated abuse of both of Jehosephat's brothers are still in existence and so similar that they place this child in danger of the same abuse from appellant. Accordingly, the evidence offered at the adjudicatory hearing satisfied the requirements of R.C. 2151.04(C)and (D).
{¶ 23} R.C. 2151.03(A)(2) defines a neglected child as "any child * * * [w]ho lacks adequate care because of the faults or habits of the child's parents[.]" "`Adequate parental care' means the provision by a child's * * * parents * * * of adequate food, clothing, and shelter to ensure the child's health and physical safety[.]" R.C. 2151.011(B)(1). Unlike a dependency adjudication, a finding of neglect requires some showing that a parent is at fault before a finding of a lack of adequate care can be made. In re Riddle (1997), 79 Ohio St.3d 259, 262. Thus, the ultimate question is whether the child lacks adequate care due to the parent's faults or habits. Id. at 263.
{¶ 24} While it could be argued that it was Angela's disregard of the civil protection order that resulted in a situation in which Jehosephat was totally without parental care, it was ultimately the behavior of both parents that caused the issuance of that order. Thus, Jehosephat's lack of adequate parental care was also directly due to appellant's fault. See id. at 266 (If the trial court believes that a child's lack of proper care was due to circumstances within a parent's control, then a finding of fault is not inappropriate.) Therefore, the finding of neglect is supported by clear and convincing evidence.
{¶ 25} Appellant's sole assignment of error is found not well-taken. The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. The costs of this appeal are assessed to appellant.
{¶ 26} A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., Richard W. Knepper,J., CONCUR.